[No. 20820.    Department Two.    May 18, 1928.]

CHARLES B: SWEETSER, *Appellant,* v. L. C. PALMER,
*Administrator, et al., Respondents.*[1]

[1] WORK AND LABOR (5, 14)—AGREEMENT FOR SERVICES—EVIDENCE
—SUFFICIENCY. A claim against an estate for farm labor per-
formed for deceased for twenty-six years, exceeding the value
of the farm and all the property of the estate, is properly dis-
allowed as not proved, where no agreement was shown, and it
appeared that certain proceeds had at various times been divided
between the claimant and the deceased, and it appeared prob-
able that the contract was one of joint adventure, rather than
of hiring.

Appeal from a judgment of the superior court for
Snohomish county, Alston, J., entered September 27,
1926, upon findings in favor of the defendants, in an
action on contract, tried to the court.    Affirmed.

*Wm. Sheller* and *Clarence J. Coleman,* for appellant.

*L. N. Jones, Wm. R. Lee,* and *Lloyd L. Black,* for
respondents.

FULLERTON, C. J.—In the latter part of the year
1926, one Elizabeth Mathiason Hamilton died intes-
tate in Snohomish county, leaving an estate therein
consisting of real and personal property.    The record,
as it is presented to this court, does not disclose the
value of the estate, nor does it disclose the nature of
the property of the estate further than that the real
property was a small farm, containing approximately
forty acres, equipped with the usual farm buildings,
and that the personal property consisted of a horse,
some cows, pigs and chickens and some six hundred
dollars in money.    Mrs. Hamilton acquired the real
property prior to the year 1899, and at that time the

[1]Reported in 267 Pac. 432.

place was stocked much as it was at the time of her
death. She then, and from thence to the time of her
death, operated a small dairy thereon. Prior to the
midsummer of the year named, Mrs. Hamilton resided
alone on the farm, and herself performed the chores
and much of the farm work. In the midsummer of
that year, the appellant, Sweetser, took up his resi-
dence on the farm, and continued to reside thereon
until the time of Mrs. Hamilton's death, some twenty-
six years later.

The respondent, Palmer, was appointed administra-
tor of Mrs. Hamilton's estate. In due time thereafter,
the appellant presented a claim against the estate.
This claim was in the alternative. It was first claimed
that he was entitled to the entire estate by virtue of a
contract entered into between himself and Mrs. Hamil-
ton in 1899, wherein he "was to perform services for
deceased during her lifetime in consideration of her
giving and leaving claimant her entire estate." The
alternative branch of the claim was for services per-
formed for Mrs. Hamilton "for a period of twenty-six
years from 1899 to 1925, the reasonable value thereof
being approximately" $14,800. The respondent re-
jected the claim, and the present action was the result.

The cause was tried in the court below by the court
sitting without a jury. The appellant, in his com-
plaint, set forth his causes of action in the alternative,
following the allegations of his claim in this regard,
and in the trial court offered evidence tending to sup-
port the various contentions. The trial court held that
he was not entitled to recover on either theory, and
entered a judgment to the effect that he take nothing
by his action. On his appeal, the appellant relies
wholly on the second branch of the claim, contending
that there was an implied agreement between himself
and Mrs. Hamilton that he was to be paid the reason-

able value. of his services, and that such reasonable value is the sum demanded in his claim.

[1] Neither party was able to show what the actual contract was between Mrs. Hamilton and the appellant, but we think the evidence falls far short of establishing that there was either an express or implied contract to pay the appellant current wages for the services he performed. As we have before noted, the evidence of the value of the estate was not perpetuated in the record, but the proofs were before the trial judge, and he stated in a memorandum opinion, filed in the cause, that the appellant's claim greatly exceeded the value of the estate, and that to allow it would not only exhaust the property accumulated during the time of the appellant's service, but would exhaust that part of it which Mrs. Hamilton possessed at the time the service began. If the judge's statement accurately reflects the evidence as to value, it further shows that the appellant's earnings exhausted the value of the property Mrs. Hamilton possessed long prior to the time the service ceased. This being true, the appellant could have quit the service when his earnings equaled the value of the property, obtained a judgment upon his claim, and exhausted the property of Mrs. Hamilton to the last penny she possessed. Whatever may have been the appellant's idea of the transaction, it is beyond belief that Mrs. Hamilton ever supposed that she was subjecting herself to this situation.

There is evidence, also, that the appellant performed work, during the period of his service, inconsistent with his duties as a farm-hand. He served on state election boards, acted as school clerk, and performed other services for which he received a consideration. He also, of course, received his board and lodging, money to procure his clothing and money to meet such

personal expenditures as every one in his situation necessarily requires. It was shown, further, that Mrs. Hamilton bought Liberty bonds during the war period which she divided with him, and that, at a time shortly prior to her death, she had $1,200 in money, one-half of which she deposited in a local bank to the appellant's credit. She at one time consulted with her banker about making a will, and he caused a draft of one to be prepared in accordance with the directions she gave him, and delivered it to her. In this draft she named the appellant as a beneficiary to the extent of $2,000. The will, however, seems not to have been executed by her.

The foregoing considerations seem to us to lead to the conclusion that the actual agreement was something different than the appellant contends it to be; that it is more probable the contract was one of joint adventure than a contract of hire, in which the parties agreed to work the farm together and divide the net earnings between them. But, be this as it may, the evidence, in our opinion, does not justify the conclusion that the appellant is entitled to any form of wage for the services he performed.

Claims of the nature of the one here in question are not looked upon by the courts with favor, and are never sustained, except upon clear and convincing testimony. What we have heretofore said upon the subject we need not here repeat. Those interested will find the question extensively discussed in the following cases: *Wall v. McEnnery's Estate,* 105 Wash. 445, 178 Pac. 631; *Frederick v. Michaelson,* 138 Wash. 55, 244 Pac. 119; *Henry v. Henry,* 138 Wash. 284, 244 Pac. 686.

The other errors assigned are not of such materiality as to require special notice.

The judgment is affirmed.

TOLMAN, ASKREN, MAIN, and HOLCOMB, JJ., concur.